

# THE ATTORNEY GENERAL
# OF TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

November 14, 1956

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. S-220

Re: Applicability of the Prize Tax
imposed by Article 7047f,
V.C.S., to the televised Kash
Box riddle contest award.

Dear Mr. Calvert:

You request the opinion of this office on the applicability
of the prize and awards tax imposed by Article 7047f, Vernon's
Civil Statutes, on a television station under the facts submitted in
your request.

The facts are briefly as follows:

Television station KFJZ-TV, Fort Worth, Texas, conducts a
contest referred to as "KASH BOX." There are eight different spon-
sors of this program using this medium of advertising their products.
The television audience is invited to participate. The announcer gives
a riddle and each member of the television audience is asked to send
in an answer to the riddle with either a label from one of the
sponsor's products or in lieu of a label a reasonable facsimile of such
a label. Only one member of the television station staff knows the
answer to the riddle and he checks all answers received and deter-
mines the winner from the answers sent in. In case of duplicate
answers the one bearing the earliest post-mark is declared the winner.
Prizes are given for correct answers starting with $300.00, and each
day an additional $100.00 is added if there is no winner. When a
correct answer to a riddle is given a new contest starts by reverting
again to $300.00.

There are two reasons why the television station which is
the subject of your opinion request is not liable for the prizes and
awards tax imposed by Article 7047f, Vernon's Civil Statutes.

First, none of the viewers of the program "KASH BOX,"
which advertises various products, pay anything for the privilege of
watching the show. To enjoy the entertainment afforded by the
station, all they (the viewers) have to do is to tune in the station and
look and listen. The statute uses the significant language "paying
the same charge for any certain service, commodity, or entertainment,"
and it must be the same to all participating in the contest for a prize
or award.

Even if it should be considered that the purchaser of one or more of the products advertised was paying a charge for the entertainment furnished, measured by the price of the product so purchased, still this would not meet the requirements of the statute. A prize may be awarded without the participating viewer making a purchase of any of the products advertised. A facsimile of a label suffices for eligibility to compete for a prize or award.

Secondly, the viewers of the television show are not within the purview of this statute, as the viewers are not the patrons of the television station which gives the prize or award. The statute does not define patron; hence, we are justified in giving to it the usual and commonly accepted meaning or definition. "Patron" as defined by Webster, is "one who supports a commercial enterprise." Pursuing the dictionary further, the definition of "patronize" is to support and favor a commercial enterprise. We must construe these terms in connection with the intent of the Legislature as applied to this particular statute. It would be a strained construction of the word "patron" and "patronize" to say that the viewers of television programs are patrons of the station. They pay nothing to the station for the privilege enjoyed and the stations make no charge for the privilege. The mere fact that the viewers look and listen to the programs does not in the broadest sense constitute them the patrons of the television station.

You are, therefore, advised that under the facts submitted by you, the television station, the subject of your opinion request, is not subject to the prize and awards tax imposed by Article 7047f, Vernon's Civil Statutes.

## SUMMARY

A television station which gives prizes and awards to its viewers who pay nothing for the privilege of viewing the program in connection with which prizes and awards are made, is not taxable under Article 7047f, V.C.S.

APPROVED:

W. V. Geppert
Taxation Division

Elbert M. Morrow
Reviewer

J. Arthur Sandlin
Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

LPL:cs

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By _L. P. Lollar_
L. P. Lollar
Assistant